[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action for forcible entry and detainer pursuant to C.G.S. Sec. 47a-43, defendant moves to dismiss on the grounds the plaintiff is a transient occupant of a rooming house and as such, under Sec. 47a-2 (4), not covered by the landlord-tenant law.Bourque v. Morris, 190 Conn. 364, 368 (1983).
The facts found by the court after a hearing is that the defendant operates a rooming house duly licensed by the town of East Hartford. The parties entered into an agreement providing that the plaintiff, as a "transient guest," intended to occupy a room at 219 Burnside Avenue, East Hartford for 52 weeks at a weekly fee of $110. The room contained a refrigerator, no stove or telephone, and a bathroom was shared by other occupants. The plaintiff occupied the room for slightly over one year when the defendant locked him out.
The defendant relies upon the agreement between the parties, particularly the identification of the plaintiff as a transient guest, to establish the defense of Sec. 47a-2 (4). However, that agreement is not determinative of the nature of the relationship between the parties. In Latimer v. Administrator, 216 Conn. 237
(1990) where sales persons for a real estate firm signed an "Independent Contractor Agreement," the court found an employer-employee status despite such agreement. The court said, "We look beyond the plain language of the contract to the actual CT Page 15740 status in which the parties are placed," Id. 252
In Bourque v. Morris, supra, the court looked to the following circumstances to determine if the plaintiff was a transient within the meaning of Sec. 47a-2 (4): the contract, length of stay, and "the extent to which he has made the room his home for the time being." at 369. Plaintiff Alex Webster here testified that after a few months he considered 219 Burnside Ave. his home.
In Murphy v. Burke, Superior Court-Housing Session, Hartford/New Britain J.D., CV 5285, Aug. 17, 1995 (DiPentima, J.), aff'd 43 Conn. App. 999 (1995), involving the same defendant and the same address as here, essentially the same agreement between the parties, and an occupancy of six months rather than, as here, more than a year, the court found the plaintiff was not a transient and was entitled to a judgment of forcible entry and detainer.
This court reaches precisely the same conclusion. The defendant's motion to dismiss is denied.
Robert Satter State Judge Referee